The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Mary Ann Whipple
United States Bankruptcy Judge

Dated: March 16 2015

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 10-30432 |
| | ) | |
| Daniel M. Robinson and Joyce L. Robinson, | ) | Chapter 13 |
| | ) | |
| | ) | |
| | ) | Judge Mary Ann Whipple |
| Debtor(s). | ) | |

**ORDER**

This case came before the court for hearing on December 16, 2014, on Debtors' Objection to Proof of Claim Filed by CitiFinancial, Inc.--(Claim No. 9) [Doc. # 54] ("Objection"). Attorney for Debtors, Debtor Joyce Robinson and the Chapter 13 Trustee all appeared at the hearing in person.

This case was commenced on January 28, 2010. Citifinancial, Inc. ("Citi") timely filed a proof of claim on March 22, 2010. The claim is a general unsecured claim in the amount of $8,946.06. Debtors' plan was confirmed on March 19, 2010, providing for, among other things, a 100% distribution to general unsecured creditors. On July 14, 2010, the Chapter 13 Trustee issued his Notice of Intent to Pay Claims, [Doc. # 30], including Citi's. No objection to Citi's claim was initially filed and the Trustee commenced distributions as Debtors faithfully performed their plan in accordance with its terms.

Debtors eventually filed the Objection to Citi's claim on October 22, 2014, as feasibility issues with completion of Debtors' confirmed plan arose. The Objection states that the claimed Citi debt is not Daniel M. Robinon's debt, as it was incurred by fraud at a time when he was incapacitated. The Objection therefore

states proper grounds for disallowance of the Citi claim under 11 U.S.C. § 502(b)(1), because it is unenforceable against Debtor under applicable law. Debtors duly and properly served the Objection on Citi. The court issued its Notice of Objection to Claim to Citi on October 23, 2014 [Doc. # 55] ("Notice"). The court's Notice set a deadline of November 21, 2014, for filing of a response to the Objection and set a hearing date of December 2, 2014, on the Objection, provided, however, the Notice stated that the court could determine the Objection on default and that the hearing would not be held absent a timely response to the Objection being filed with the court. The Notice was duly and properly served on Citi. [Doc. # 57].

Citi did not file a response to the Objection, timely or otherwise. However, upon review of the Objection, the court determined that part of the relief requested therein was a request that the Citi claim be treated as stricken and that it be required to return any funds paid to it by the Trustee. The court therefore set the Objection for further hearing by separate order of the court, [Doc. # 63], to occur on December 16, 2014, to address this issue with Debtors. The hearing order was duly and properly served on Citi. [Doc. # 64].

Citi did not appear at the hearing and no response to the Objection has ever been filed. The court will therefore disallow the Citi claim, as the facts stated by Debtors and taken as true as a result of Citi's default have overcome the prima facie validity of the filed claim and Citi has not contested the Objection or sought to meet its shifted burden of proving the validity of its claim. However, for the reasons indicated by the court at the hearing, the court will not order Citi to return to the Trustee any funds paid on the claim before the Objection was filed. The Trustee properly distributed funds to Citi on an allowed claim, *see* 11 U.S.C. § 502(a), after a Notice of Intent to Pay was issued more than four years ago without contest by Debtors. While there is no deadline for objecting to claims, and the claim will be disallowed, it is now too late to demand repayment of funds properly paid out by the Trustee. The very purpose of the Notice of Intent to Pay Claims is to insure that problems like this do not arise near the end of a case, when it is procedurally and administratively problematic to deal with them. Moreover, an affirmative request to recover money must be commenced by the filing of an adversary complaint in accordance with Rule 7001(1) of the Federal Rules of Bankruptcy Procedure, not by a claim objection filed under Rule 3007(a) of the Federal Rules of Bankruptcy Procedure. Rule 3007(b) expressly states that "[a] party in interest shall not include a demand for relief of a kind specified in Rule 7001 in an objection to the allowance of a claim, but may include the objection in an adversary proceeding." Fed. R. Bankr. P. 3007(b).

**THEREFORE,** good cause appearing,

**IT IS ORDERED** that Debtors' Objection to Proof of Claim Filed by CitiFinancial, Inc.--(Claim No. 9) [Doc. # 54] is **GRANTED**, provided, however, Claimant shall not be required to return any funds paid to it by the Trustee under Debtors' confirmed plan; and

**IT IS FURTHER ORDERED** that Claim No. 9 of CitiFinancial Inc. is **DISALLOWED**, nunc pro tunc to and effective as of the October 22, 2014, date upon which Debtors filed their Objection.

###